# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Margo Kronberg as Personal Representative of the Estate of Joseph Kronberg; and Margo Kronberg on behalf of all the heirs of Joseph Kronberg,<br><br>          Plaintiffs,<br><br>  vs.<br><br>Oasis Petroleum North America LLC; Basin Concrete, Inc.; RPM Consulting, Inc.; H and H Electric, Inc.; R and J Technical Services LLC; American Portables, Inc.; and American Portable Mini Storage, Inc.;<br><br>          Defendants. | **ORDER ON MOTIONS TO COMPEL AND MOTION IN LIMINE**<br><br>Case No. 4:13-cv-011 |

Before the court are three motions filed by plaintiff: (1) a motion to compel discovery from and for sanctions against defendant Oasis Petroleum North America LLC ("Oasis"); (2) a motion to compel discovery from and for sanctions against defendant RPM Consulting, Inc. ("RPM"); and (3) a motion in limine to exclude witnesses untimely disclosed by Oasis. The court held a telephonic hearing on the motions on August 27, 2014.

This is a wrongful death and survival action arising from the death of Joseph Kronberg. The decedent was electrocuted while working at an oil well drilling site in western North Dakota. Oasis was the well operator. RPM was a consultant placement service that assigned "company men" Mike Bader, Paul Brenneise, and Cole Smith ("the consultants") to the well site.

## I. PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM OASIS AND FOR SANCTIONS (Docket No. 67)

On June 2, 2014, plaintiff filed a "Motion to Compel Discovery from Oasis Petroleum North America LLC and for Sanctions." The motion relates to Plaintiff's Second Set of Requests for

Production served on Oasis on April 25, 2014. See Docket No. 67-2, Ex. 3. The requests are for Oasis's well file for the well site; communiques to or from RPM Consulting, the consultants, and the email address rpm22@rpmcounsulting.com for a specified time period; records of safety meetings related to this case; Oasis' safety manual in effect on the day of the accident; subsequent safety manuals; and Oasis' document retention policy at all applicable times. Plaintiff states that the requests are relevant to the issue of whether the consultants at the well site where the decedent was electrocuted were agents of Oasis or RPM.

In the motion to compel, plaintiff asserted that as of June 2, 2014, Oasis had not responded to the requests, Oasis had not requested or received an extension of time to respond, and Oasis' May 28, 2014 deadline for serving responses and objections had passed. Plaintiff requested the court to issue an order holding all objections to the requests waived and requiring Oasis to produce all responsive documents. Plaintiff further requested that if Oasis withheld or had destroyed responsive documents, the court sanction Oasis by barring it from arguing that the consultants were independent contractors.

On June 6, 2014, plaintiff and Oasis filed a stipulation in which they agreed to extend Oasis' deadline to respond to Plaintiff's Second Set of Requests for Production until June 20, 2014. The parties also agreed that the extension would not prejudice plaintiff's right to pursue the motion to compel. The court adopted the stipulation.

On June 30, 2014, Oasis filed its response to plaintiff's motion to compel. Oasis argued the motion should be denied as moot because as of June 20, 2014, Oasis had responded to all of the requests at issue. Oasis asserted that plaintiff's request for sanctions should be denied because Oasis' delay in responding to plaintiff's requests was substantially justified.

2

On July 10, 2014, plaintiff filed a reply. Plaintiff stated that issues raised in the motion to compel remained to be resolved. Specifically, plaintiff alleged that Oasis had failed to produce at least one category of responsive documents (emails of a key Oasis employee) and that Oasis had failed to produce the documents in the manner in which they were kept in the ordinary course of business. Plaintiff requested the imposition of sanctions, including the award of attorney's fees for bringing the motion to compel and any other appropriate relief.

During the hearing, plaintiff's counsel identified two issues remaining to be resolved with regard to the motion. First, plaintiff argued the emails produced by Oasis were inadequate because they were produced as PDFs rather than in their native PST format. The court will not require Oasis to produce the emails in PST format. Second, plaintiff argued Oasis had failed to produce responsive emails sent by Oasis engineer Laura Strong. Oasis responded that all emails responsive to plaintiff's requests had been produced. Based on Oasis' counsel's representation, the court concludes that Oasis has produced all responsive emails to plaintiff's second set of requests for production. The court further concludes that the imposition of sanctions is not warranted. Accordingly, plaintiff's motion to compel and for sanctions (Docket No. 67) is **DENIED**.

II. **PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM RPM AND FOR SANCTIONS (Docket No. 68)**

On June 2, 2014, plaintiff filed a "Motion to Compel Discovery from RPM Consulting, Inc. and for Sanctions." The motion relates to RPM's responses to Requests 1, 2, 3, 7, and 8 of Plaintiff's Second Set of Requests for Production. See Docket No. 67-2, Exs. 1-2. As relevant to this motion, Requests 1-3 are for emails sent to and from RPM, the consultants, and the email address rpm22@rpmconsulting.com from December 29, 2007 to January 17, 2013. Request 7 is for

any written document retention policy in effect during the same time period. Request 8 is for any contract for information technology services related to email addressed to recipients within the domain rpmconsulting.com during that time period. Plaintiff states that the requests are relevant to the issue of whether the consultants at the well site where the decedent was electrocuted were agents of RPM or independent contractors. Plaintiff requests an order requiring RPM to provide full responses to its requests. Plaintiff further request that a sanction prohibiting RPM from arguing the consultants were independent contractors be imposed if RPM refuses to comply or has destroyed responsive materials. RPM responds that plaintiff's motion should be denied because RPM provided all narrative emails in its possession and no document retention policies or information technology contracts exist.

During the hearing, plaintiff asserted that RPM's responses to its requests for emails in Requests 1-3 were inadequate because (1) the responses referred to "narrative" emails and the "narrative" limitation was inappropriate and (2) deposition testimony indicated additional emails should exist unless they were intentionally deleted. Counsel for RPM responded that emails were deleted in the ordinary course of business and that all existing emails responsive to plaintiff's request had been produced. The court concludes that RPM's responses are unclear as to what emails have been produced. Accordingly, plaintiff's motion to compel (Docket No. 68) is **GRANTED IN PART** and RPM is **ORDERED** to provide new responses to the requests for email in Requests 1-3. The new responses must included any responsive emails that have not been previously produced, but the responses may be that RPM does not have any additional responsive emails. Further, the court notes that while the requests are not currently overbroad given that RPM apparently intends to contend that the consultants were independent contractors, the requests would likely be overbroad

4

if RPM were to concede that the consultants were acting as its agents.

RPM's response to Request 7 for any written document retention policy was that "There was no such written document retention policy." RPM's response to Request 8 for information technology contracts was that "RPM had no such contract with any outside provider in 2011 through the present time. RPM's email was previously hosted until 2010 by 1 Stop Hosting and Web and Design. RPM then installed an exchange server in its office to host email." RPM's responses to Requests 7-8 were adequate. Accordingly, plaintiff's motion to compel (Docket No. 68) is **DENIED IN PART** as to Requests 7-8. Further, plaintiff's motion for sanctions (Docket No. 68) is **DENIED** as there is no indication that RPM has destroyed documents or failed to comply with a court order.

### III. PLAINTIFF'S MOTION IN LIMINE REGARDING WITNESSES UNTIMELY DISCLOSED BY OASIS (Docket No. 74)

On June 24, 2014, plaintiff filed a "Motion in Limine Regarding Witnesses Untimely Disclosed by Oasis." Plaintiff requests an order prohibiting Oasis form relying on the testimony of (1) nineteen employees of Nabors Drilling USA, LP ("Nabors") identified in Oasis' Supplement to Rule 26(a) Disclosures dated June 20, 2014 and (2) any employees or principals of Oasis or its related corporate entities not identified in Oasis' initial Rule 26(a) Disclosures dated April 3, 2013. Plaintiff argues that Oasis should not be permitted to rely on these witnesses because they were not identified until after the deadlines for providing Rule 26(a)(1) disclosures and conducting discovery had passed.

Oasis responds that plaintiff's motion should be denied for a number of reasons. First, defendant argues the motion is moot because after it was filed, the parties stipulated to extend the

deadlines for deposing the Nabors employees, for disclosing experts, and for completing expert discovery depositions.  See Docket Nos. 86-87.  Second, Oasis argues that the supplemental disclosure was not required because the nineteen Nabors employees were identified in Oasis' initial Rule 26 disclosure, either directly or by reference to Nabors' responses to the Secretary of Labor's interrogatories in a related OSHA proceeding.  See Docket No. 85-1, pp. 3-5.  Oasis asserts that the supplement was provided as a courtesy to provide updated information on the Nabors employees because some were no longer employed by Nabors.  Finally, Oasis argues that plaintiff's request to exclude Oasis employee witnesses is premature.

      The court construes plaintiff's motion as motion for sanctions for failure to timely comply with discovery.  The motion (Docket No. 74) is **GRANTED IN PART** because the court concludes that merely referencing Nabors' responses to the Secretary of Labor's interrogatories in the related OSHA proceeding but withholding the document based upon a specious claim of privilege did not comply with the Rule 26 requirement for disclosing of the name of each individual likely to have discoverable information.  Oasis shall cooperate with discovery of the witnesses identified in the supplemental disclosure and any additional Oasis employee witnesses, and the court will extend plaintiff's time for conducting discovery from these witnesses up to the time of the final pretrial conference.  Further, if Oasis intends to rely on the testimony of any of the newly disclosed witnesses in support of a dispositive motion, Oasis shall provide plaintiff a detailed written summary of what the witness will testify to.  The summary shall be provided at the time the dispositive motion is filed.

      The remainder of plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2014.

                                                */s/ Charles S. Miller, Jr.*
                                                Charles S. Miller, Jr., Magistrate Judge
                                                United States District Court